# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**TRAVIS T. DAVIS,**

        **Plaintiff,**

                                       **Civil Action 2:09-cv-247**
**vs.**                                 **Judge George C. Smith**
                                    **Magistrate Judge E.A. Preston Deavers**

**OFFICER B. HANNA,**

        **Defendants.**


## ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 13) and Defendant's Motion for Leave to File an Answer Out of Time (Doc. 17).  Plaintiff filed for default judgment on February 11, 2010, citing Defendant's failure to respond to the complaint by the July 20, 2009 due date.

On April 22, 2010, the Court directed Defendant to file a response to Plaintiff's Motion for Default Judgment.  On May 11, 2010, Defendant filed his response and his Motion for Leave to File an Answer Out of Time.  In his response and Motion, Defendant asserts that he informed the Chief of Police of the action and the Chief informed him that everything would be taken care of.  (Doc 17–1.)  Defendant was not aware that the action had been lingering until Plaintiff filed his Motion for Default Judgment.  (*Id.*)

Defendant correctly asserts that there has not been an entry of default nor a default judgment in this case.  Before a plaintiff may obtain default judgment under Federal Rule of Civil Procedure 55(b), the plaintiff must request an entry of default judgment from the clerk.

*Heard v. Caruso*, 351 Fed. Appx. 1, 15–16 (6th Cir. 2009)(quoting 10A CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682,

at 13 (3d ed. 1998)). Because the record demonstrates that the *pro se* Plaintiff never requested an

entry of default from the clerk, it was improper for Plaintiff to move for default judgment. *Id.* at

16.

Even applying the standard of Federal Rule of Civil Procedure 55(c), the Court finds it

appropriate to deny Plaintiff's Motion. Specifically, Rule 55(c) allows the Court "to set aside an

entry of default for good cause." Fed. R. Civ. P. 55(c). As the United States Court of Appeals

for the Sixth Circuit has noted, "our cases discussing motions to set aside default under Rule

55(c) are extremely forgiving to the defaulted party." *United States v. $22,050.00 United States*

*Currency*, 595 F.3d 318, 322 (6th Cir. 2010). In this case, Defendant has met the good faith

standard, as he has established a lack of culpability in failing to file a timely answer.

Turning to Defendant's Motion to File his Answer out of Time, Federal Rule of Civil

Procedure 6(b)(1)(B) provides that the Court may, for reasons of good cause, extend time to file

after time has expired when "the party failed to act because of excusable neglect." Fed. R. Civ.

P. 6(b). The Court balances a number of factors in assessing excusable neglect including "the

danger of prejudice to the nonmoving party . . . the reason for the delay . . . [and] whether the

late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th

Cir. 2006). In this case, the Court finds that these factors weigh in favor of allowing the late

filing. In particular, Defendant's reasons for delay demonstrate that Defendant was acting in

good faith, believing that his superiors were handling the matter, even though he failed to file a

timely Answer. Furthermore, Defendant filed a timely response when the Court directed him to

respond to Plaintiff's Motion.

Accordingly, Plaintiff's Motion for Default Judgment (Doc. 13) is **DENIED**.

Defendant's Motion for Leave to File (Doc. 17) is **GRANTED**.  The Clerk is **DIRECTED** to file Defendant's Answer, attached to Defendant's motion as Exhibit 2.

**IT IS SO ORDERED**.

May 12, 2010                                    _____/s/ *Elizabeth A. Preston Deavers*_____
                                                Elizabeth A. Preston Deavers
                                                United States Magistrate Judge